**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3121
_____

YANKEES ENTERTAINMENT AND SPORTS NETWORK, LLC,
Appellant

v.

HARTFORD FIRE INSURANCE COMPANY
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 1:22-cv-00622)
District Judge: Honorable Richard G. Andrews
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 6, 2023
_____

Before:  CHAGARES, *Chief Judge*, HARDIMAN and FREEMAN, *Circuit Judges*

(Opinion filed: September 27, 2023)

---

OPINION[*]

---

FREEMAN, *Circuit Judge*.

Yankees Entertainment and Sports Network ("YES") sued Hartford Fire Insurance Company ("Hartford") over a coverage dispute. The United States District Court for the District of Delaware dismissed the case for lack of personal jurisdiction because the lawsuit did not arise from any actions Hartford took in Delaware. We will affirm.

I

We write primarily for the parties and recount only the facts most important to our decision. Briefly, YES is a New York regional sports television network that primarily serves New York, though its streaming viewership spans the United States. It was formed in Delaware as a limited liability company and has its headquarters and principal place of business in New York.

YES purchased an insurance policy for business interruption coverage from Hartford, which operates principally out of Connecticut. The policy was not negotiated in Delaware and does not cover losses to any property in Delaware.

During the COVID-19 pandemic, YES filed a claim under the policy and Hartford denied coverage. YES then sued in Delaware Superior Court, alleging breach of contract and seeking a declaratory judgment that Hartford had a duty to provide coverage.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Hartford removed the case to federal court and then moved to dismiss the operative complaint for lack of personal jurisdiction. The District Court granted the motion to dismiss, and YES timely appealed.

II[1]

We review dismissals for lack of jurisdiction de novo. *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002). In doing so, we must accept as true all factual allegations in the complaint and construe disputed facts in favor of the plaintiff. *Id.* We review a district court's decision to deny jurisdictional discovery for abuse of discretion. *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 455 (3d Cir. 2003).

The exercise of personal jurisdiction over a defendant must be authorized by state law and "not violate the outer limits permissible under the [United States] Constitution." *Fischer v. Fed. Express Corp.*, 42 F.4th 366, 382 (3d Cir. 2022). Here, we look to Delaware law to determine whether the District Court may exercise jurisdiction over Hartford. Under Delaware law, YES has the burden of showing that jurisdiction is authorized under Delaware's long-arm statute. *AeroGlobal Capital Mgmt., Inc. v. Cirrus Indus., Inc.*, 871 A.2d 428, 438 (Del. 2005). YES fails to satisfy Delaware's long-arm statute, so we need not reach whether it meets constitutional requirements.

YES argues that Subsections (c)(1) and (c)(6) of Delaware's long-arm statute, 10 Del. C. § 3104, confer personal jurisdiction over Hartford. As we explain below, the Subsection (c)(1) argument fails, and YES forfeited its Subsection (c)(6) argument.

---

[1] The District Court had subject matter jurisdiction under 28 U.S.C. § 1332(a), and we have appellate jurisdiction under 28 U.S.C. § 1291.

3

Subsection (c)(1) gives Delaware courts jurisdiction over a nonresident defendant who "[t]ransacts any business or performs any character of work or service in the State" and where the plaintiff's cause of action "aris[es] from" that conduct. Del. Code Ann. tit. 10, § 3104(c)(1). YES argues that Subsection (c)(1) reaches Hartford's activities because it "entered into countless contractual relationships with Delaware entities." Appellant's Br. at 25. But Hartford's relationships with Delaware entities unrelated to this action are not the basis for YES's claims, so they do not satisfy Subsection (c)(1). *See LaNuova D & B, S.p.A. v. Bowe Co.*, 513 A.2d 764, 768 (Del. 1986) ("Where personal jurisdiction is asserted on a transactional basis [under Subsection (c)(1)], . . . a single transaction is sufficient *if the claim has its origin in the asserted transaction*." (emphasis added)).

Hartford's other contacts with Delaware are insufficient for similar reasons. Although Hartford secured a license to sell insurance policies in Delaware, it did not sell insurance to YES in Delaware. And although Hartford has been a party to prior court cases in Delaware, *see Gould v. Gould*, Civil Action No. 3332-VCP, 2011 WL 141168, at *8 (Del. Ch. Jan. 7, 2011) (filing a lawsuit in Delaware may constitute "transacting business" under Subsection (c)(1)), this lawsuit does not arise from that prior litigation. In sum, YES was not a party to any of Hartford's prior court cases in Delaware, and YES has not demonstrated that the facts of those prior cases relate to this lawsuit. Mere factual or legal similarities between cases do not establish that YES's lawsuit "arose from" prior lawsuits between Hartford and other parties. *See LaNuova*, 513 A.2d at 768; *see also Uribe v. Md. Auto. Ins. Fund*, 115 A.3d 1216 (Table), 2015 WL 3536574, at *4 (Del. 2015) (unpublished disposition) (affirming dismissal for lack of personal

4

jurisdiction where the plaintiffs' claim did not derive from the nonresident defendant's filing of "unrelated lawsuits" in Delaware). So Subsection (c)(1) cannot be the basis for personal jurisdiction over Hartford.[2]

And YES did not rely on Subsection (c)(6) as basis for personal jurisdiction while this matter was in the District Court. *See* Del. Code Ann. tit. 10, § 3104(c)(6) (permitting courts to exercise personal jurisdiction over a nonresident who "[c]ontracts to insure . . . any person . . . located . . . within the State at the time the contract is made"). When Hartford moved to dismiss the complaint, it argued that Subsection (c)(6) could not serve as a basis for personal jurisdiction. YES acknowledged Hartford's argument in its opposing brief but made no attempt to refute it. Instead, it stated that "10 Del. C. § 3104(c)(6) is just another way, not the only way, for Delaware to exercise personal jurisdiction over an insurance company." App. 307. And its entire argument about personal jurisdiction was based on Subsection (c)(1). App. 306–08; *see also* App. 339–40 (Hartford's Reply Brief in Support of Motion to Dismiss) ("YES effectively concedes that Section 3104(c)(6) of Delaware's long-arm statute does not provide a basis to exercise jurisdiction over Hartford, as it offers no response to Hartford's arguments with respect to that provision."). Because YES did not present a Subsection (c)(6) argument to

---

[2] YES argues that the District Court conflated specific and general personal jurisdiction. We disagree. The District Court analyzed specific personal jurisdiction when it asked whether the claims in question "'aris[e] from' [Hartford's] transaction of business." *Yankees Ent. & Sports Network, LLC v. Hartford Fire Ins. Co.*, 634 F. Supp. 3d 203, 209 (D. Del. 2022) (quoting Del. Code Ann. tit. 10, § 3104(c)(1)); *see also Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 436–37 (3d Cir. 1987) (defining specific jurisdiction).

the District Court, it is forfeited on appeal. *Premier Comp Sols., LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020).

Finally, YES appeals from the District Court's denial of its request to conduct jurisdictional discovery. But YES sought leave to conduct discovery about issues that have no bearing on whether its claims "aris[e] from" Hartford's conduct in Delaware. Del. Code Ann., tit. 10, § 3104(c)(1). So the District Court's decision was well within its discretion.

* * *

For the foregoing reasons, we will affirm.

6